**FILED**

AUG 21 2013

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 13-226 |
| | ) | [UNDER SEAL] |
| ARNOLD MCCELLEN FRIEND | ) | |
| GERALD SECREST | ) | |
| ALLEN REED FRIEND | ) | |

### INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, David J. Hickton, United States Attorney for the Western District of Pennsylvania, and Gregory J. Nescott, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A Federal Grand Jury returned a one-count Indictment against the above-named defendants for an alleged violation of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION | DEFENDANTS CHARGED |
|---|---|---|---|
| 1 | Conspiracy to distribute and possess with intent to distribute a quantity of oxycodone, a Schedule II controlled substance. (From in and around the Summer of 2009, and continuing thereafter to in and around June 2010) | 21 U.S.C. § 846 | All defendants |

## II. ELEMENTS OF THE OFFENSE

In order for the crime of conspiracy to distribute and possess with intent to distribute a quantity of oxycodone, in violation of 21 U.S.C. § 846, to be established, the government must prove all of the following essential elements beyond a reasonable doubt.

1. That two or more persons agreed to distribute and/or possess with intent to distribute a controlled substance.

2. That ARNOLD MCCELLEN FRIEND, GERALD SECREST, and ALLEN REED FRIEND were parties to or members of that agreement.

3. That ARNOLD MCCELLEN FRIEND, GERALD SECREST, and ALLEN REED FRIEND joined the agreement or conspiracy knowing of its objective to distribute and/or possess with intent to distribute a controlled substance, and intending to join together with one another or with at least one other alleged conspirator to achieve that objective; that is, that the defendants, or at least one other alleged conspirator shared a unity of purpose and the intent to achieve that objective.

4. That oxycodone is a Schedule II controlled substance, pursuant to 21 U.S.C. § 812(c), Schedule II.

5. That the conspiracy had the specific unlawful purpose of distribution and possession with intent to distribute a quantity of oxycodone. 21 U.S.C. § 841(b)(1)(C). (Apprendi v. New Jersey, 530 U.S. 466 (2000)).

Third Circuit Model Criminal Jury Instruction 6.21.846B (modified).

### III. PENALTIES

Conspiracy to distribute and possess with intent to distribute a quantity of oxycodone (21 U.S.C. § 846):

1. A term of imprisonment of not more than twenty (20) years.

2. A fine not to exceed $1,000,000.

3. A term of supervised release of at least three (3) years.

For a second or subsequent felony drug conviction that is final, whether federal, state, or foreign:

1. A term of imprisonment of not more than thirty (30) years.

2. A fine not to exceed $2,000,000.

3. A term of supervised release of at least six (6) years.

### IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

### V. RESTITUTION

Not applicable in this case.

VI. **FORFEITURE**

Not applicable in this case.

                                          Respectfully submitted,

                                          DAVID J. HICKTON
                                          United States Attorney

                                          */s/ Gregory J. Nescott*
                                          GREGORY J. NESCOTT
                                          Assistant U.S. Attorney
                                          PA ID No. 27331